**UNITED STATES of America, Appellee,**

v.

**Estoria McCULLOUGH, Appellant.**

**No. 12923.**

United States Court of Appeals Fourth Circuit.

Argued March 3, 1969.

Decided July 11, 1969.

Calvin L. Brown, Charlotte, N. C., (court-appointed counsel) for appellant.

William Medford, U. S. Atty., (Joseph R. Cruciani, Asst. U. S. Atty., on brief) for appellee.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

CRAVEN, Circuit Judge:

This is an appeal from a sentence of two years' imprisonment imposed upon a conviction of violation of 50 U.S.C. App. § 462—refusal to be inducted into the Armed Forces.

■ We agree with McCullough's contention that if the district court failed to examine the selective service file to determine whether or not there was a basis in fact for the I–A classification, such a failure would have been prejudicial error requiring reversal unless the omission is "cured" on appeal. Cox v. United States, 332 U.S. 442, 452, 68 S.Ct. 115, 92 L.Ed. 59, 68 (1947). To what extent the district judge examined the record is not clear, but there is an intimation in the record that it may have been insufficient.[1]

■ Ordinarily we think it would be better judicial administration to reverse convictions where it does not appear that the district judge examined the selective service file to determine whether there was a basis in fact for the classfication. But since it is not at all clear that it was not done in this instance, we have ourselves examined it.

McCullough registered with Local Board No. 61 in Charlotte, North Carolina on September 22, 1966, and claimed exemption on SSS Form 150 as a minister. He was classified I–A and subsequently exhausted all administrative remedies. He refused induction on May 27, 1968.

■ Although McCullough was only 18 years old on the date of registration, September 22, 1966, he claimed as of that time to have been a minister of Jehovah's Witnesses since September 1960. The selective service file indicates that McCullough was employed on the third shift in the bakery department of Lance, Inc.; that he was not paid for preaching or teaching; that he spent 56 hours in field ministry during a six-month period, or approximately 10 hours per month. Although there is other information in the file tending to support McCullough's contention that the ministry is his regular and customary vocation, we think what has been recited is a sufficient basis in fact to support denial of the ministerial exemption and classfication as I–A. As defined in 50 U.S.C. App. § 466(g), the ministerial exemption is an extremely narrow one, and is accorded only to those duly ordained ministers of religion who preach and teach as a regular and customary vocation. It does not include a person who irregularly or incidentally preaches and teaches. It is not unreasonable, we think, for the board to infer from McCullough's secular full-time employment and the other evidence in the file that preaching and teaching principles of religion was not his regular and customary vocation.

■■ We think the trial court did not commit error in refusing to admit into evidence a minister's certificate which was not a part of the record in the selective service file. Determination of whether a I–A classification has a basis in fact is not for trial de novo before the district judge, but is to be made from

---

1. At one point in the record the district judge is quoted as saying:

> "The record is rather voluminous and I haven't been through it all by any means. It would take a considerable period of time to study over this record."

The selective service files that we have seen on appeal are not very voluminous as compared, for example, with the records on appeal in social security disability cases. But whether time consuming or not, since Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946), the duty of the district judge to examine the file to determine whether there is a basis in fact for the classification has been plain. Of course the district judge may obtain the assistance of counsel in making his examination, and it would seem that ordinarily the pertinent portions could be pointed out to him rather quickly.

examination of the selective service file. Cox v. United States, supra, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. at 69.

Affirmed.